United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                        No. 24-cr-20048

v.

                        Hon. Mark A. Goldsmith

D-1 Reginald Morris,
D-2 Tyrone Thurmond, Jr.,
D-3 Tyrone Thurmond, Sr.,
D-5 Carl Vann,

      Defendants.

---

**Stipulation and Order to Adjourn Dates and Find Excludable Delay**

---

The parties stipulate, and jointly move the Court, to adjourn the plea hearing / cut-off, final pretrial conference, and the jury trial approximately 90 days from their current dates.

The parties further stipulate, and jointly move for the Court to find, that the time period from March 28, 2024 to the new jury trial date, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- On January 25, 2024, the defendants were charged in an Indictment.

- On dates between February 12, 2024 and March 7, 2024, the defendants were arraigned on the Indictment.

- In March 2024, the government produced initial discovery to the defendants' attorneys, which included agent reports, lab reports, records relating to search warrants, and TIII audio files and transcripts. Given the volume of discovery, some of the initial discovery was produced after defendants' attorneys provided the government with hard drives.

- Some of the initial discovery is covered by the Court's protective order, which, among other provisions, specifies how detained defendants may review discovery.

- On March 26, 2024, the Court issued a Notice to Appear / Scheduling Order.

- It is anticipated that the parties will continue reviewing the discovery, the nature of the charges, the defendants' criminal histories, and engage in plea negotiations. To allow these processes to move forward, the parties require additional time, as set forth above.

The parties therefore request that the Court adjourn dates and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendants in a speedy trial.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Paul A. Kuebler*
Assistant United States Attorney
211 W Fort Street, Suite 2001
Detroit, MI 48226
paul.kuebler@usdoj.gov
(313) 226-9641

*s/Mark A. Magidson (w/ consent)*          *s/DeWayne R. Boyd, Jr. (w/ consent)*
Attorney for Morris                        Attorney for Thurmond, Jr.

*s/Brandy Y. Robinson (w/ consent)*        *s/John M. McManus (w/ consent)*
Attorney for Thurmond, Sr.                 Attorney for Vann

March 28, 2024

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

     Plaintiff,

                            No. 24-cr-20048

v.

                            Hon. Mark A. Goldsmith

D-1 Reginald Morris,
D-2 Tyrone Thurmond, Jr.,
D-3 Tyrone Thurmond, Sr.,
D-5 Carl Vann,

     Defendants.

---

## Order Adjourning Dates and Finding Excludable Delay

---

The Court has considered the parties' stipulation to adjourn dates and for a finding that the time period from April 2, 2024 to August 27, 2024 the new jury trial date, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendants in a speedy trial and that the time from April 2, 2024 to August 27, 2024, the new jury trial date, qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- On January 25, 2024, the defendants were charged in an Indictment.

4

- On dates between February 12, 2024 and March 7, 2024, the defendants were arraigned on the Indictment.

- In March 2024, the government produced initial discovery to the defendants' attorneys, which included agent reports, lab reports, records relating to search warrants, and TIII audio files and transcripts. Given the volume of discovery, some of the initial discovery was produced after defendants' attorneys provided the government with hard drives.

- Some of the initial discovery is covered by the Court's protective order, which, among other provisions, specifies how detained defendants may review discovery.

- On March 26, 2024, the Court issued a Notice to Appear / Scheduling Order.

- It is anticipated that the parties will continue reviewing the discovery, the nature of the charges, the defendants' criminal histories, and engage in plea negotiations. To allow these processes to move forward, the parties require additional time, as set forth above.

IT IS THEREFORE ORDERED that the time from April 2, 2024, 2024 to August 27, 2024 the new jury trial date, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendants in a speedy trial.

IT IS FURTHER ORDERED that the following dates are scheduled: the plea hearing / cut-off on August 6, 2024 at 2:00 p.m.; the final pretrial conference on August 6, 2024 at 2:00 p.m.; and the jury trial on August 27, 2024 at 8:30 a.m.

**IT IS SO ORDERED.**

Dated:  April 2, 2024                    s/Mark A. Goldsmith
      Detroit, Michigan                   MARK A. GOLDSMITH
                                      United States District Judge