UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                 Case No. 24-cr-20048
                                 Hon. Mark A. Goldsmith

REGINALD MORRIS,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO MOTION FOR BOND

The United States of America asks the Court to deny Reginald Morris's motion for bond. The government's response is based on the accompanying brief.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191

Dated: July 17, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

Case No. 24-cr-20048
Hon. Mark A. Goldsmith

REGINALD MORRIS,

       Defendant.

_____/

# BRIEF IN SUPPORT OF GOVERNMENT'S RESPONSE TO MOTION FOR BOND

**Issues presented:**

#1 – Has Morris met his burden under 18 U.S.C. § 3142(f) to reopen the detention hearing? *Government's response: No.*

#2 – Can Morris rebut the 18 U.S.C. § 3142(e)(3) presumption in favor of detention? *Government's response: No.*

#3 – Can the government show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community? *Government's response: Yes.*

**Principal authorities:** 18 U.S.C. § 3142; *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989); *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015 (6th Cir. Sep. 22, 2020); *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991); *United States v. Will*, No. 3:23-CR-00148, 2023 WL 8529078 (S.D.W. Va. Dec. 8, 2023); *United States v. Christman*, 712 F. Supp. 2d 651 (E.D. Ky. 2010); *United States v. Cook*, 42 Fed. Appx. 803 (6th Cir. 2002).

## Introduction

On January 25, 2024, Morris was charged in six counts in an indictment. ECF No. 1. He was charged with conspiracy to distribute and possess with intent to distribute a controlled substance (count 1), attempted possession of methamphetamine with intent to distribute (count 2), possession of fentanyl with intent to distribute (count 3), possession of a firearm in furtherance of a drug-trafficking crime (count 5), possession of a machine gun (count 8), and possession of a firearm by a convicted felon (count 10). *Id*. He was charged in counts 1 and 2 with a quantity of methamphetamine that carries a mandatory minimum sentence of 10 years and in count 5 with a crime that carries a mandatory minimum sentence, consecutive to any other sentence. *Id*.; 21 U.S.C. § 841(b)(1)(A)(viii); 18 U.S.C. § 924(c)(1)(A)(i).

2

On February 14, 2024, Magistrate Judge Anthony P. Patti held a detention hearing and ordered Morris detained after finding that the government had shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. ECF No. 36.

On July 8, 2024, Morris filed a motion for bond. ECF No. 64. Morris's motion includes letters from family and raises a personal family situation (a daughter with a broken leg) as his basis for bond. Morris's motion should be denied because neither the letters nor the personal family situation is a basis to reopen the detention hearing and, even if the hearing is reopened, he is unable to rebut the presumption in favor of detention and, regardless, the government has met its burden to justify detention.

## **Detention hearing considerations**

A detention hearing may be reopened:

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

3

18 U.S.C. § 3142(f).

The requirement that information be new has been interpreted strictly to deny a reopening where the evidence relied upon was available at the initial detention hearing. *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Will*, No. 3:23-CR-00148, 2023 WL 8529078, at *1 (S.D.W. Va. Dec. 8, 2023) (collecting cases); *United States v. Noskiewicz*, No. 3:19-CR-451-M, 2020 WL 3579213, at *1 (N.D. Tex. June 1, 2020) (collecting cases), report and recommendation adopted, No. 3:19-CR-451-M, 2020 WL 3574673 (N.D. Tex. June 30, 2020); *United States v. Rodriguez*, No. 09-CR-331A, 2012 WL 6690197, at *8 (W.D.N.Y. Dec. 21, 2012).

The Sixth Circuit has stated "Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event." *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *1 (6th Cir. Sep. 22, 2020). Without this requirement, parties could seek multiple detention hearings, introducing substantial inefficiency into the process and wasting judicial resources. *See United*

*States v. Fordham*, No. 3:22-cr-109-1, 2022 WL 2898912, at *4 (M.D. Tenn. Jul. 21, 2022).

Letters / testimony from family and friends is not new evidence to warrant reopening a detention hearing. *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *Hare*, 873 F.2d at 799; *United States v. Bowens*, No. CR07 544 2PHX ROSECV, 2007 WL 2220501, at *1 (D. Ariz. July 31, 2007).

Courts that have considered whether financial or health problems experienced by a defendant's family member have a significant bearing on the issue of the defendant's detention have generally determined that they do not. *See United States v. Will*, No. 3:23-CR-00148, 2023 WL 8529078, at *2 (S.D.W. Va. Dec. 8, 2023) (collecting cases).

Similarly, even 18 U.S.C. § 3145(c), which applies to convicted defendants awaiting sentencing and arguably stretches beyond the 18 U.S.C. § 3142(g) factors, considers "exceptional reasons why such person's detention would not be appropriate," but courts have generally rejected personal and familial hardship as providing an exceptional reason. *See United States v. Christman*, 712 F. Supp. 2d 651, 656 (E.D.

5

Ky. 2010) (collecting cases); *United States v. Cook*, 42 Fed. Appx. 803, 804 (6th Cir. 2002) (holding the district court did not err when declining to release defendant under § 3145(c) for hardship to family or business associates). If familial hardship is inappropriate to consider under § 3145(c), it is certainly inappropriate to consider under 18 U.S.C. § 3142(f), particularly given the language of 18 U.S.C. § 3142(f) and case law reducing that language to the following: the information must (1) be new and (2) have a "material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

### Morris has failed to carry his burden to justify reopening the detention hearing. His motion should be denied.

Morris attached letters from his family. However, courts have routinely found that such letters are not new, essentially because they were an option at the original detention hearing. *See Dillon, supra; Hare, supra; Bowens, supra*. Also, Morris's letters make little (if any) reference to the nature and circumstances of Morris's offense or the weight of the evidence against Morris (*see* 18 U.S.C. § 3142(g)(1) and

6

(2)), so the letters do not have a "*material* bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f) (emphasis added). Therefore, the letters do not justify reopening the detention hearing.

Morris's daughter's broken leg also does not justify reopening the detention hearing. *See Will, supra.*

Morris's motion should be denied without the Court reopening the issue of detention.

**Even if the Court reopens the issue of detention, Morris cannot overcome the presumption of detention and, regardless, the <u>government has carried its burden to justify detention.</u>**

The § 3142(g) factors have already been addressed in the record. Therefore, if the Court reopens the issue of detention, an evidentiary hearing is not required. *United States v. Hensler*, 18 F.3d 936, 1994 WL 83436, at *2 (5th Cir. 1994); *see also United States v. Anderson*, No. 3:14-CR-210-D(08), 2014 WL 2764747, at *1 n. 2 (N.D. Tex. June 18,

7

2014) ("The court's review of the record developed before the magistrate judge is an appropriate procedure to comply with [its] obligation" to make an independent determination).

> *§ 3142(g)(1) nature and circumstances of the offense charged and § 3142(g)(2) weight of the evidence against the person weigh in favor of detention.*

On October 18, 2023, Morris, D-2 Tyrone Thurmond, Jr., and D-5 Carl Vann discussed destination addresses in the Eastern District of Michigan for two boxes of methamphetamine. Later that day, Morris and D-4 Ajeet Dhillon were outside the UPS store in California from which the two boxes were shipped to the previously discussed destination addresses.

On October 20, 2023, law enforcement seized the two packages in the Eastern District of Michigan, before they arrived at their destinations. One package contained 4,486 grams (actual) of methamphetamine and the other package contained 4,034 grams (actual) of methamphetamine, for a total of 8,520 grams of methamphetamine. On October 20, 2023 and days thereafter, unaware of the law enforcement seizure, Morris discussed the status of the

8

packages, including speculating about the status of the third-party trackers installed in the packages, and plans to locate the packages.

In late-October and early-November 2023, Morris discussed firearms and machineguns (aka Glock switches aka "buttons") that were in his possession at D-3 Tyrone Thurmond, Sr.'s ("pops") house or at Morris's mother's ("momma's") house, including using them to facilitate drug trafficking. Those discussions include:

- 10/23/23 @ 2:18 p.m. ET: Morris and Vann discuss getting "Twin" "down to the hood" so Morris can put a "switch on his ass" (TT3, #330)

- 10/23/23 @ 2:21 p.m. ET: Morris tells Thurmond, Jr. to call "Twin" so Morris can confront him with a "button" and "pop shit" (TT3, #331)

- 10/23/23 @ 2:36 p.m. ET: Morris tells Thurmond, Jr. to tell "Twin" to bring some "waters" to the "hood" (TT3, #339)

- 10/23/23 @ 4:31 p.m. ET: Morris and Thurmond, Jr. discuss "straps" and a "button" that were at "daddy's house" but now at "momma's house" (TT3, #372)

9

- 10/23/23 @ 8:53 p.m. ET: Morris and Thurmond, Jr. discuss moving firearms from "pops" to "momma's," including an "AR," "Draco," and "5-7" (TT3, #422)
- 11/1/23 @ 10:24 p.m. ET: Morris tells [DM] to give him his money or "own his gun" (TT3, #1139)
- 11/2/23 @ 2:42 p.m. ET: Morris tells Thurmond, Jr. that he (Morris) is going to confront "Mookie" with a gun (TT3, #1220)
- 11/2/23 @ 4:47 p.m. ET: while Morris was a "pops," Thurmond, Jr. tells him (Morris) that he (Thurmond, Jr.) put something "in the garage, right behind the door," which he (Thurmond, Jr.) describes as an "armory type" (TT3, #1232).

*§ 3142(g)(3) history and characteristics of the person weighs in favor of detention.*

According to Pretrial Services' February 12, 2024 report, Morris has a criminal history, including a HYTA sentence (revoked) imposed in 2008/2009 in 3rd Circuit Court (Wayne County, Michigan) for felony drug delivery / manufacture and an 18 month sentence imposed on July 8, 2024 in Trumbull County Court (Ohio) for felony carrying a concealed weapon.

*§ 3142(g)(4) nature and seriousness of the danger to any person or the community that would be posed by the person's release weighs in favor of detention.*

The risk to the public posed by Morris's release includes the distribution of large amounts of methamphetamine and firearm possession and use. There are no conditions that could adequately mitigate these risks.

11

## **Conclusion**

Morris's motion for bond should be denied.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191

Dated: July 17, 2024

12

## **Certification of Service**

I hereby certify that on July 17, 2024, I electronically filed the foregoing using the ECF system, which will send notification of such filing to all ECF participants.

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191