UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 24-cr-20048
    Hon. Mark A. Goldsmith

D-1, REGINALD MORRIS,

    Defendant.

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY (ECF Nos. 72 and 77)

For the reasons stated in the accompanying brief, the Court should deny Reginald Morris's motions to compel discovery.

    Respectfully submitted,

    Dawn N. Ison
    United States Attorney

    *s/Paul A. Kuebler*
    Paul A. Kuebler
    Assistant United States Attorney
    211 West Fort Street, Suite 2001
    Detroit, Michigan 48226
    (313) 226-9641
    paul.kuebler@usdoj.gov

Dated: August 13, 2024    P83191

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                    Case No. 24-cr-20048
                                    Hon. Mark A. Goldsmith

D-1, REGINALD MORRIS,

      Defendant.
_____/

## BRIEF IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY (ECF Nos. 72 and 77)

**Issue #1:**

Does Rule 16(a)(1)(E)(i)'s directive to disclose any "item" that "is material to *preparing the defense*" mean Morris is entitled to any item that might help him in any way against the prosecution?

The government responds: **No**.

**Issue #2:**

Has Morris shown that the items he requests are "*material* to preparing the defense"?

The government responds: **No**.

## Most Relevant Authorities

*United States v. Armstrong*, 517 U.S. 456 (1996); *United States v. Sanders*, 106 F.4th 455 (6th Cir. 2024).

## Procedural History

In count one of the indictment, Morris was charged in a drug conspiracy occurring "[f]rom in or around March 2023, through on or about January 25, 2024[.]" ECF No. 1, PageID.1. He was charged in count two with attempted possession of methamphetamine with intent to distribute occurring "[o]n or about October 20, 2023[.]" *Id*. He was charged in additional substantive counts (three, five, eight, and ten) occurring "[o]n or about November 15, 2023[.]" *Id*.

On July 30, 2024, Morris filed a motion to compel discovery. ECF No. 72, PageID.209. He states that his intercepted calls under the Massey wiretap warrant were relied upon by the government to obtain the wiretap warrant against him in the instant case. *Id*. at 216. Specifically, he alleges two conversations (on August 15, 2023 and September 12, 2023) between himself and target subject Massey that involve drug trafficking and "hundreds of other calls between Morris and . . . other individuals intercepted under the Massey wiretap

2

warrant." *Id*. 215. Therefore, he alleges, he "needs access to the documents related to the Massey wiretap warrants in order to challenge Morris's intercepted calls under the Massey warrant." *Id*. at 211.

On August 7, 2024, Morris filed a motion to compel discovery of all warrants related to him. ECF No. 77, PageID.241. He alleges that he needs all warrants related to him to make several motions to suppress. *Id*. at 243.

## **The government's discovery productions are appropriately tailored to the government's case in chief.**

The government has produced to Morris several warrants, including:

- Acorn Lane, Sterling Heights, Michigan (#13) – Morris's residence searched on November 15, 2023, which contained a firearm in residence, drug cutting station in garage, and drug press in garage.[1]
- Cadieux Road, Detroit, Michigan (#15) – Thurmond, Sr.'s residence searched on November 15, 2023, which contained a machine gun and firearms.

---

[1] A common affidavit was submitted to search six premises on November 15, 2023: Ryder, Shelby Township, Michigan (Martaze Davis's residence, *see* Case No. 24-20054); Acorn Lane (Morris's residence); Universal (Thurmond, Jr.'s residence); Cadieux (Thurmond, Sr.'s residence); Elm Drive, Sterling Heights, Michigan (unindicted suspect's residence); Haverhill Street, Detroit, Michigan (stash location).

3

- Universal Avenue, Eastpointe, Michigan (#14) – Thurmond, Jr.'s residence searched on November 15, 2023, which contained a machine gun and firearms.
- Two UPS parcels (#1) – searched on October 20, 2023, which contained 20 pounds of methamphetamine.
- Dhillon's cell phone ping (#4).
- Thurmond, Jr.'s cell phone ping (#5).
- Thurmond, Jr.'s cell phone ping (#18).
- Thurmond, Jr.'s cell phone (#20).
- Vann's cell phone ping (#22).
- T-III application for Morris's phone and two of Martaze Davis's phones (see Case No. 24-20054).
- iCloud pen/trap trace for Morris's phone.
- Morris's cell phone ping.[2]

The government has not provided Morris with the August 11, 2023, September 8, 2023, and October 6, 2023 T-III applications for target Derrell Massey, which were submitted to (and approved by) the United States District Court for the West Virginia Southern District.

On July 26, 2024, before either of Morris's instant motions were filed, the government attorney emailed Morris's attorney stating, "I don't plan to play the WV wire at trial (if that were to change, I'd let you know)[.]"

---

[2] On or about August 13, 2024, after Morris filed his second instant motion (ECF No. 77), the government produced the August 31, 2023 Morris cell phone ping warrant.

4

## **Rule 16 discovery is cabined to "shield" claims that might refute arguments that the defendant committed the crime charged, rather than broader "sword" claims that might otherwise result in nonconviction.**

Morris is *not* entitled to any item that might help him in any way against the prosecution. Instead, the Supreme Court has limited "defense" in the Rule 16 context to mean the "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). Recently, the Sixth Circuit applied *Armstrong* when rejecting a defendant's claim that he was entitled to "case reports" that led to a search warrant – essentially the same claims Morris presents in the instant case. *See United States v. Sanders*, 106 F.4th 455, 473 (6th Cir. 2024).

As the Sixth Circuit elaborated, the Supreme Court cabined discovery in the Rule 16 setting to "shield" claims – that is, evidence that "refute[s] the Government's arguments that the defendant committed the crime charge." *Id.* (citing *Armstrong*, 517 U.S. at 462). And the Supreme Court contrasted that circumstance with one in which the defendant seeks to use discovery as a "sword" – for example, in *Armstrong*, to challenge the "prosecution's conduct of the case." *Id.*

5

(citing *Armstrong*, 517 U.S. at 462). In that way, the Supreme Court opted against a more expansive reading of the term "defense." *Id.* (citing *Armstrong*, 517 U.S. at 462-63).

Other Sixth Circuit precedent follows *Armstrong* by rejecting the argument that Rule 16 requires unlimited "disclosure of the government's investigative practices" and rejecting the argument that Rule 16 requires disclosure of "discovery [that] . . . could . . . vitiate[] the government's case." *Id.* at 474 (citing *United States v. Warshak*, 631 F.3d 266, 327 (6th Cir. 2010)). The Sixth Circuit has also rejected defendants' arguments "that, without disclosure of the government's investigative practices, they would have no way of knowing whether their Fourth Amendment rights were being trampled." *Warshak*, 631 F.3d at 327.

Indeed, the Sixth Circuit, sister circuits, and other district courts have rejected defendants' attempts to use discovery as a "sword." *See, e.g., Sanders*, 106 F.4th at 473 (rejecting defendant's claim that he was entitled to "case reports" that led to a search warrant); *Warshak*, 631 F.3d at 326-27 (rejecting defendants' motion to "order the government

6

to affirm or deny whether any interceptions, searches, seizures, orders, or subpoenas of their communications ha[d] occurred"); *United States v. Harvey*, 934 F.3d 502, 508 (6th Cir. 2019) (rejecting defendant's request to order the government to turn over all of the information about a child pornography network investigative technique); *United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000) (the evidence sought must be related "to refutation of the government's case in chief," and not "to establishment of an independent . . . bar to the prosecution."); *United States v. Maranzino*, 860 F.2d 981, 985-86 (10th Cir. 1988) (citing Rule 16 and quoting *Jencks v. United States*, 353 U.S. 657, 667 (1957)) (Rule 16's language does not authorize "a blanket request to see the prosecution's file" and a defendant may not use the rule to engage in a "fishing expedition among documents possessed by the Government on the chance that something impeaching might turn up."); *United States v. Arambula*, 82 F. Supp. 3d 1316, 1319 (D.N.M. 2014) (refusing to require the government to produce under Rule 16 certain materials related to the government's debriefing of a confidential source because the defendant sought to use that information only to undermine the

7

sufficiency of evidence supporting a warrant, not rebut the government's case-in-chief).

Arguing that information is needed to prepare motions to suppress, as Morris has done in his instant motions, is seeking to use discovery as a "sword," rather than as a "shield." Morris may challenge the wiretap in this case, but he is not entitled to whatever he wants in hopes that it might undermine the sufficiency a warrant or the T-III application that generated evidence in the government's case-in-chief.

## **Morris is also unable to show that the requested information is "material."**

In addition to failing to show that the requested information is for "preparing the defense," Morris has failed to show that the requested information is "material" to the case he intends to make at trial. *See Sanders*, 106 F.4th at 475 (defendant must establish that the disputed evidence would enable him to "significantly alter the quantum of proof" in his favor); *United States v. Thompson*, 758 F. App'x 398, 405 (6th Cir. 2018) (understanding materiality to mean that the undisclosed information "would exculpate [the defendant] or undermine the government's case against him").

8

Morris's speculation and conclusory assertions that the requested items contain information that casts doubt on the validity of warrants or would otherwise help him explore or discredit other parts of the investigation are insufficient. *See Sanders*, 106 F.4th at 475 (citing *United States v. Harney*, 934 F.3d 502, 507-08 (6th Cir. 2019); *United States v. Phillip*, 948 F.2d 241, 250-51 (6th Cir. 1992); *United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970)).

The United States District Court for the District of Columbia has addressed a request similar to Morris's instant request – the request for a wiretap not used in the charged case to challenge the wiretap used in the charged case – and rejected that request. *See United States v. Apodaca*, 287 F. Supp. 3d 21, 40 (D.D.C. 2017) ("As a threshold matter, the government has stated that the undisclosed intercepts will not be introduced in the government's case-in-chief, and, accordingly, the inculpatory nature of any of these communications is not material."); *cf. United States v. Pray*, 734 F.Supp.2d 158, 159–60 (D.D.C. 2010) (denying defendants' motion to compel discovery of periodic wiretap reports for use in challenging, *inter alia*, minimization and propriety of

9

government's procedures since such evidence "do[es] not constitute material evidence").

## **Morris's arguments are misplaced.**

*United States v. Asker*, 676 F. App'x 447, 454-55 (6th Cir. 2017), cited by Morris to purportedly justify his request for the Massey wiretap information (at ECF No. 72, PageID.214), is misplaced. Unlike the instant case where the government has stated that it does not intend to use the Massey wiretap during trial, *Asker* involved "one conversation *that the government introduced at trial*[.]" *Asker*, 676 F. App'x at 454 (emphasis added). *Asker* did hold that Asker could challenge that one conversation, but Morris's motion omits a key distinction – the government introduced the Asker conversation at trial whereas the government does not intend to use the Massey wiretap at trial.

The cases cited in Morris's second instant motion (at ECF No. 77, PageID.245) are either moot (because the government has produced the requested ping warrant) or insofar as he is requesting "all warrants and affidavits relating to Defendant" are misplaced. If the government intends to use evidence in its case-in-chief, it has produced the

10

warrants. There is no authority for a defendant's request for whatever he wants in hopes that it might undermine the sufficiency a warrant or the T-III application that generated evidence in the government's case-in-chief.

Morris's attempt to use *Jencks* to justify his request is also misplaced. Although the government may provide potential Jencks material shortly before a government witness testifies, Morris's motion is not ripe until after a government witness has testified. *See, e.g., United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993) ("The Jencks Act, 18 U.S.C. § 3500, requires the government to supply the defense with any material statement made by the witness, after the witness has testified at trial."); *Arambula*, 82 F. Supp. 3d at 1319 ("To the extent that these notes contain Jencks material, this motion is not ripe; such material need only be disclosed after a government witness has testified.").

11

## **Conclusion**

For the reasons stated above, the Court should deny Morris's motions.

                                              Respectfully submitted,

                                              Dawn N. Ison
                                              United States Attorney

                                              *s/Paul A. Kuebler*
                                              Paul A. Kuebler
                                              Assistant United States Attorney
                                              211 West Fort Street, Suite 2001
                                              Detroit, Michigan 48226
                                              (313) 226-9641
                                              paul.kuebler@usdoj.gov
Dated: August 13, 2024                P83191

## **Certification of Service**

I certify that on August 13, 2024, I electronically filed the foregoing using the ECF system, which will send notification of such filing to all ECF participants.

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191