UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 REGINALD MORRIS,

    Defendant.

_____/

Case No. 24-cr-20048

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING DEFENDANT REGINALD MORRIS'S MOTION TO REVOKE THE
DETENTION ORDER (Dkt. 64)**

    Defendant Reginald Morris is charged with: conspiracy to distribute and possess with intent to distribute a controlled substance (Count 1); attempted possession of methamphetamine with intent to distribute (Count 2); possession of fentanyl with intent to distribute (Count 3); possession of a firearm in furtherance of a drug-trafficking crime (Count 5); possession of a machine gun (Count 8); and possession of a firearm by a convicted felon (Count 10). Indictment (Dkt. 1). Following a detention hearing, Magistrate Judge Anthony P. Patti ordered Morris detained pending trial. 2/14/24 Order of Detention (Dkt. 36). Before the Court is Morris's motion to revoke the detention order (Dkt. 64). The Government opposes the motion (Dkt. 69). For the reasons that follow, the Court denies Morris's motion to revoke the detention order.

1

I. ANALYSIS

In reviewing Morris's motion, the Court will conduct a de novo review of the pretrial detention order. See United States v. Williams, 948 F. Supp. 692, 694 (E.D. Mich. 1996) ("This court reviews de novo the magistrate's order of pretrial detention.").[1]

Federal Rule of Criminal Procedure 32.1(a)(6) provides that a defendant seeking bond pending a hearing on violation of supervised release conditions bears the burden of establishing by "clear and convincing evidence" that he "will not flee or pose a danger to any other person or to the community." Factors to be considered in assessing a defendant's dangerousness and risk of flight include (i) the nature and circumstances of the offense, (ii) the weight of the evidence, (iii) the history and characteristics of the person, and (iv) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

Under this standard, the Court finds that Morris has not met his burden to demonstrate that revocation of the pretrial detention order is merited. The nature and circumstances of Morris's offenses—including conspiracy to distribute and possession of controlled substances and possession of a firearm by a convicted felon and in furtherance of a drug-trafficking crime—are serious. Morris acknowledges as much. See Mot. at 9. The weight of the evidence against Morris, as laid out in the Government's response, is strong. See Resp. at 8–10. Morris also has a pre-existing criminal history, although it is true, as Morris notes, that his prior conviction record does not involve violent or assaultive offenses. See id. at 10; Mot. at 9. The nature and seriousness of the danger posed by Morris's release here is high, as it involves a risk of continued distribution of large amounts of controlled substances as well as firearm possession and use. These factors weigh against revoking the detention order.

---

[1] The parties disagree over whether Morris has the burden of showing changed circumstances. Whether or not that is in fact the case, the Court will consider all evidence here.

In support of revoking the detention order, Morris argues that he is not a threat to any person or the community. Mot. at 10. He explains that his father and brothers are codefendants, and he wants to resolve the case alongside them. Id. He states that his fiancée has agreed to assume his supervision and report any violation of release condition to the Court, Mot. at 8, and explains that his 13-year-old daughter was recently struck by a car and suffered a broken leg, and that he needs to help care for her. Id. at 5. Finally, he cites to letters submitted by family members in support of revoking the detention order. Id. at 10–13.

The information regarding Morris's family does not outweigh the Court's finding, after reviewing the § 3142(g) factors, that there are no conditions of release that will reasonably assure his appearance as required or the safety of any other person and the community.

## II. CONCLUSION

For the reasons set forth above, the Court denies Morris's motion to revoke the detention order (Dkt. 64).

SO ORDERED.

| | |
|---|---|
| Dated: September 11, 2024<br>Detroit, Michigan | s/Mark A. Goldsmith<br>MARK A. GOLDSMITH<br>United States District Judge |