UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,
Plaintiff,

Case No. 24-cr-20048

Hon. MARK A. Goldsmith

v.

REGINALD MORRIS
Defendant.

FILED
OCT 04 2024
CLERK'S OFFICE
DETROIT

## MOTION TO REFER
UNITED STATES ATTORNEY OFFICE FOR THE EASTERN DISTRICT OF MICHIGAN TO THE ATTORNEY GENERAL FOR AN INVESTIGATION INTO DISTRICT-WIDE DELAY

### Motion

NOW COMES Defendant and respectfully moves this Honorable Court to refer the United States Attorney Office for the Eastern District of Michigan to the Attorney General for an investigation into the District-wide delay that has affected each and every case where criminal charges have been brought against the defendant since the current United States Attorney Dawn N. Ison took over for the Eastern District of Michigan. The Attorney General has the power to initiate such an investigation. See 28 U.S.C. § 519 ("Except as otherwise authorized by law, the Attorney General shall supervise all [inve]stigation to which the United States, an agency, or officer thereof is a party, and shall direct all United States Attorneys, Assistant United States Attorneys, and Special Attorneys appointed under section 543 of this title in the discharge of their respective duties.")

The United States Attorney Office for the Eastern District of Michigan is initiating criminal prosecutions against hundreds of individuals a year and leaving the cases unresolved for hundreds of days in blatant disregard of the 70-day timeframe established by the Speedy Trial Act. Sad to say, the Eastern

District of Michigan is one of those Districts that survives on delay. In the Eastern District of Michigan — no one (And Defendant means no one) gets a trial within 70 calendar days and "Although the Speedy Trial Act, 18 U.S.C. § 3161, limits the duration of pretrial detention, the average criminal defendant can expect to be detained for a significant period of time." Hernandez-Lara v. Lyons, 10 F.4th 19, 14 (1st Cir. 2021) (citing Amaryllis Austin, The Presumption for Detention Statute's Relationship to Release Rates, 81 Fed. Prob. J. 52, 53 (2017) (noting that, as of 2016, "the average period of detention for a pretrial defendant had reached 255 days" and in "several districts [the] average [was] over 400 days.").

An investigation, dating back to the beginning of United States Attorney Ison's tenure, has failed to yield a single case (out of hundreds which were reviewed) that commenced within the required 70 calendar days — without some form of delay). Congress' expressed fear that delays would "get out of hand" Zedner v. United States, 597 U.S. 479, 509 (2006) — has become the reality with criminal prosecutions initiated by the United States Attorney's Office for the Eastern District of Michigan. To borrow from the Second Circuit:

> A "cavalier attitude toward speedy trial rights [i]s characteristic of the United States Attorney's Office in the [Eastern] District of [Michigan]."

United States v. Giambrone, 920 F.2d 176, 181-182 (2d Cir. 1990).

Over a half-of-a-century ago, in 1974, Congress enacted the Speedy Trial Act. See § 3161 et. seq. The "Act requires that a criminal trial must commence within 70 days of the latest of a defendant's indictment, information, or appearance[.]" Henderson v. United States, 476 U.S. 321, 326 (1986); § 3161(c)(1). The Sixth Circuit has observed that "Congress enacted the STA to 'put teeth into the [Sixth Amendment's] speedy trial guarantee. The scheme operates like a statute of limitations. The guarantee is violated if the prosecution oversteps the time limits of the Act." United States v. Brown, 819 F.3d 800, 807 n.3 (6th Cir. 2016) (quoting United States v. Mehrmanesh, 652 F.2d 766, 769 (9th Cir. 1981)). The Speedy Trial Act

toothless paper tiger in the Eastern District of Michigan. It bares restating — in the Eastern District of Michigan — no one gets a trial within the Congressionally mandated 70 calendars.

While there are exceptions that allow <u>some</u> trials to commence beyond 70 calendar days, such as the "ends of justice exception" which is "meant to be a <u>rarely</u> used tool for those cases demanding more flexible treatment[,]" <u>United States v. Toombs</u>, 574 F.3d 1262, 1269 (10th Cir. 2009)(emphasis added) — in the Eastern District of Michigan delay is an overused tool. Every case cannot warrant delay. But, if it is left up to the United States Attorney's Office for the Eastern District of Michigan hundreds of criminal prosecutions will continue to be initiated and hundreds of defendants will continue to remain warehoused in pretrial detention for hundreds of days — although Congress has declared that everything should be resolved within 70 calendar days.

Defendant asks this Court to <u>think about it</u>. How many criminal prosecutions have this Court presided over? Is this Court able to identify a single case that proceeded to trial within 70 calendar days? Defendant's review of this Court's past and current docket has failed to yield a single case that has been resolved within 70 calendar days. While a "district court... must police the behavior of the prosecutor and the defense counsel" <u>United States v. Pikus</u>, 39 F.4th 39, 58 (2d Cir. 2022) — the filing of an indictment is "entirely" within the prosecutor's discretion, and thus, it is "ultimately the obligation of the Government to ensure compliance with the Speedy Trial Act." <u>United States v. Williams</u>, 314 F.3d 552, 559 (11th Cir. 2002).

The United States Attorney's Office for the Eastern District of Michigan uses every trick in the book to delay, delay, delay beyond the 70 day rule — in every case. Over 50 years ago, Congress enacted the Speedy Trial Act to make it "clear to all that it will no longer tolerate delay." 120 Cong. Rec. 41618 (1974). Those whose sponsored the legislation were motivated by the reality that the parties involved in the criminal proceedings would not bring about speedy trials, absent strong Congressional

ction. the principal sponsor of the bill, Senator Sam J. Ervin, Jr., summarized the "problem" as follows:

> "Those of us in the Congress who have been working on this problem realize that speedy trial will never be a reality in the Federal courts until Congress makes clear to all that <u>it will no longer tolerate delay</u>. Unfortunately, while it is in the public interest to have speedy trials, the parties involved in the criminal process do not feel any pressure to go to trial. The court, defendant, his attorney, and the prosecutor may have different reasons not to push for trial, but they all have some reason. <u>The overworked courts, prosecutors, and defense attorneys depend on delay in order to cope with their heavy caseloads</u>. The end of one trial only means the start of another. To them, there is little incentive to move quickly in what they see as an unending series of cases. The defendant, of course, is in no hurry for trial, because he wishes to delay his day of reckoning as long as possible.
>
> I believe, after years of studying this problem, that S. 754 can begin to end this seemingly hopeless morass. The bill is based upon the premise that the courts, undermanned, starved for funds, and utilizing 18th century management techniques, simply cannot cope with burgeoning caseloads. <u>The consequence is delay and plea bargaining</u>. The solution is to create initiative within the system to utilize modern management techniques and to provide additional resources to the courts where careful planning so indicates."

20 Cong. Rec. 41618 (1974) (emphasis added).

The tricks that the United States Attorney's Office for the Eastern District of Michigan use to avoid compliance with the 70 day congressionally mandated rule, include, but is not limited to: (1) deliberately withholding discovery from the defense, to force defense counsel to have to seek delay due to the United States Attorney's Office dilatory discovery disclosure; (2) filing frivolous motions on behalf of defendants claiming that the defendants need more time to prepare; an (3) entering into stipulations with defense counsel to seek delay for a variety of reasons that aren't sufficient to meet the "high threshold [which] must be met before any expansion of the deadlines established in the Speedy Trial Act [can] properly [] be granted." United States v. Stewart, 2012 WL 555488, at *4 (D. Colo. Feb. 17, 2012). As Senator Ervin, Jr., exclaimed: "The consequence is delay and plea bargaining." 120 Cong. Rec. 41618 (1974).

The United States Attorneys Office for the Eastern District of Michigan is initiating hundreds of criminal prosecutions with no intent of complying with the 70 day rule set forth in the Speedy Trial Act. The United States Attorneys Office will ensure that the proceedings are delayed somehow, some way — for hundreds of days. After a defendant has been warehoused in pretrial detention for hundreds of days — a plea deal would be extended to the worn down defendant. And due to the desire to escape the hopeless and seemingly never ending delay — the vast majority of defendants reluctantly accept the plea. It's easy for one to lose faith in the federal judicial system if he or she is informed that they have a right to trial within 70 days — but that fundamental right is disregarded. No one would maintain faith that his or her associated trial rights would be honored, if the time limits to commence the trial isn't even honored. After enduring continuance, after continuance, on top of continuances — defendants fold and offer take plea deals that really are "dummy deals" (deals that lock them into a plea with a sentence that one could receive without an agreement with the prosecution).

Whatever the reasons for the delay — that is District-wide — an investigation by the Attorney General is warranted. While this

Court has the power to investigate the cases that are in this Court's (meaning Your Honor's caseload), see United States v. Lee, 575 F.2d 1184, 1186 (6th Cir. 1978) ("A fine or temporary suspension from practicing before the court may be imposed on an attorney either for the Government or for a defendant if the attorney intentionally delays the proceedings.") (citing 18 U.S.C. § 3162(b)) — only the Attorney General can investigate why not one trial has commenced within the 70 day Congressional mandate. See Hogg v. United States, 428 F.2d 274, 279 (6th Cir. 1970) ("The Attorney General has plenary power over the conduct of litigation to which the United States is a party. Continuously since the creation of the Department of Justice the Attorney General has exercised this power through his supervision over the various officers of the Department of Justice and the United States Attorneys and their assistants."); see also United States v. Wrigley, 520 F.2d 362, 368 (8th Cir. 1975) (Attorney General's "power include the direction and supervision of the United States Attorneys and the appointment and removal of their assistants.").

There is a District-wide delay within this forum. The systemic delay and blatant disregard of the Congressionally mandated 70 day trial deadline is being perpetrated by the United States Attorney's Office for the Eastern District of Michigan. This needs to be brought to the Attorney General's attention — immediately — for an investigation to be executed, with the hope of ending what Congress aimed to end over 50 years ago. If a blind eye is turned towards this "problem" the "problem" will unquestionably continue. There is no legitimate reason why no one — even the single defendant, single count cases, gets a trial within 70 calendar days. At the bare-minimum, an investigation is warranted. This Court should order a referral for investigation by the Attorney General. There's an old saying that comes to mind "If you are not a part of the solution, you are a part of the problem." This Court can be a part of the solution by simply making a referral for an investigation

as to why the United States Attorney's Office for the Eastern District of Michigan are not ensuring that criminal trials are commenced within 70 calendar days. See United States v. Doran, 882 F.2d 1511, 1517 (10th Cir. 1989) (placing the responsibility of providing a defendant with a speedy trial on the court and on the government, not on defense counsel).

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Defendant prays that this honorable Court GRANT the motion to refer United States Attorney Office for the Eastern District of Michigan to the Attorney General for an investigation into District-wide delay.

Respectfully submitted,

Reginald Morris

Dated: 9-30-24

## CERTIFICATE OF SERVICE

I hereby certify that on 9-30-24 , I caused the foregoing document to be filed in this Court.

Reginald Morris

Reginald Morris

Federal Correctional Institution
P.O. Box 1000
Milan, Michigan 48160

FILED
OCT 04 2024
CLERK'S OFFICE
DETROIT

September _____, 2024

Re: United States v Reginald Morris
Case #: 24-cr-20048

Dear Judge:

Enclosed is a copy of a motion to refer United States Attorney office for the Eastern District of Michigan to the Attorney General for an investigation into District-wide delay. I will like to file this motion Pro-Se. Can the Courts accept my motion and schedule an Faretta hearing pursuant to Farretta v California, 422 U.S. 806 (1975). If my Attorney wishes to adopt this motion I will allow counsel to continue to represent me, however, if that is not the case I wish to proceed Pro-Se.

Sincerly,

Omar Rashad Pouncy
#62264-509
Federal Correctional Institution
P.O. Box 1000
Milan, Michigan 48160





Clerk of the Court
United States District Cou
231 West LAfayette
Detroit, Michigan 48226