UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 REGINALD MORRIS,

    Defendant.

_____/

Case No. 24-cr-20048

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING DEFENDANT REGINALD MORRIS'S MOTIONS TO COMPEL
(Dkts. 72, 77)**

Defendant Reginald Morris is charged with: conspiracy to distribute and possess with intent to distribute a controlled substance (Count 1); attempted possession of methamphetamine with intent to distribute (Count 2); possession of fentanyl with intent to distribute (Count 3); possession of a firearm in furtherance of a drug-trafficking crime (Count 5); possession of a machine gun (Count 8); and possession of a firearm by a convicted felon (Count 10). Indictment (Dkt. 1).

Morris filed two motions to compel certain materials from the Government. See Dkts. 72, 77. The Government filed a response in opposition (Dkt. 79), and the Court held a hearing on the motions on October 2, 2024. For the below reasons, the Court denies both motions.

**I.    ANALYSIS**

In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted. For most criminal prosecutions, there are three governing rules that "'exhaust the universe of discovery to which [a] defendant is entitled.'"

1

United States v. Watson, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting United States v. Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988)).  These are (i) the Brady doctrine, as established in Brady v. Maryland, 373 U.S. 83 (1962); (ii) Federal Rule of Criminal Procedure 16(a); and (iii) the Jencks Act, 18 U.S.C. § 3500.

Morris's motions fall under the second category: requests for discovery under Rule 16. Specifically, Morris relies on Rule 16(a)(1)(E)'s requirement that the Government "permit the defendant to inspect and to copy . . . documents . . . within the government's possession, custody, or control and [where] the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).

In his first motion to compel, Morris seeks documents related to a wiretap warrant obtained by the FBI and other government agents for Derrell Massey, a defendant in a different criminal case. See First Mot.  Morris explains that telephone calls made by Morris were intercepted under the Massey warrant, and that the Government relied on these intercepted calls in obtaining a wiretap warrant against Morris. Id. at 3, 7–8.  In his second motion, Morris seeks warrants related to his own case: a warrant the Government obtained to find the GPS location of Morris's cellphone and "any other unknown warrants." See Second Mot. at 3.  He specifies that he seeks production of "all warrants and affidavits related to Defendant including, but not limited to, GPS location, cell phone ping, pen register, and trap and trace." Id. at 6.

Morris explains that he intends to file a motion to suppress evidence obtained from (i) the Massey warrant, (ii) the GPS warrant, and (iii) any other unknown warrants related to Morris. Id. at 3.  The Government argues that these requested documents have either been produced or do not qualify for disclosure under Rule 16. See Resp.  The Court agrees with the Government.

With respect to the Massey warrant, Morris has failed to demonstrate how obtaining the warrant would assist him in his response to the Government's case in chief and/or in what ways

2

the warrant is material to the case he intends to make at trial. Without such explanations, he cannot justify compelled production under Rule 16.

The United States Supreme Court has explained that the term "defense" as used in Rule 16 means the "defendant's response to the Government's case in chief." United States v. Armstrong, 517 U.S. 456, 462 (1996). Morris has not explained how obtaining the Massey warrant would assist in his defense against the Government's case in chief. Rather, he states vaguely that he intends to file a motion to suppress evidence secured through the Massey warrant, and that "[t]he defense cannot provide effective assistance of counsel without being able to review the GPS warrant for Morris's cell phone along with any other warrants obtained by the government related to Morris." Second Mot. at 4–5. The Sixth Circuit has stated that that "simply asserting that discovery could vitiate the government's case is insufficient to trigger Rule 16's discovery obligations." United States v. Sanders, 106 F.4th 455, 474 (6th Cir. 2024) (punctuation modified, emphasis in original). Morris has not made a sufficient showing as to how the requested materials are related to the Government's case in chief.

Further, Morris must show that the object of the discovery is "material" to the defense he intends to present at trial. See Rule 16(a)(1)(E); Sanders, 106 F.4th at 475. This means "he must establish that the pre-trial disclosure of the disputed evidence would enable him significantly to alter the quantum of proof in his favor." Sanders, 106 F.4th at 475 (punctuation modified). But the Government has been clear in its briefing and during the hearing that it will not be using the Massey warrant in its case against Morris. See Resp. at 4 (explaining that, before the motions to compel were filed, the Government emailed Morris's attorney stating: "I don't plan to play the WV wire at trial (if that were to change, I'd let you know")). Morris has not established materiality of evidence secured through this warrant when the Government says it will not be using such

3

evidence. See United States v. Apodaca, 287 F. Supp. 3d 21, 40 (D.D.C. 2017) (finding a wiretap not used in a charged case not material and not subject to discovery where the government "stated that the undisclosed intercepts will not be introduced in the government's case-in-chief"). Morris's vague statements regarding his plans to suppress various warrants (some of them unknown) fall far short of justifying the discovery he requests. See Sanders, 106 F.4th at 475 (denying a motion to compel and finding that a defendant had not demonstrated materiality where the defendant offered only unsubstantiated theories as to why the requested materials might be helpful to his case).

Morris cites United States v. Asker, 676 F. App'x 447, 454–455 (6th Cir. 2017) in support of his request for the Massey warrant, explaining that the court in that case held that a defendant could challenge a conversation intercepted under a wiretap warrant targeting a different subject where the defendant was involved in the conversation. See First Mot. at 6. As the Government notes in its response, see Resp. at 10, Asker is distinguishable, as the Government was planning to use that conversation at trial in that case. Here, it is not.

With respect to the GPS warrant and all other warrants related to Morris, including cellphone ping, pen register, and trap and trace, the Government states it has already produced these materials. Resp. at 10–11; see also id. at 3–4.[1] The Government stated that if it "intends to use evidence in its case-in-chief, it has produced the warrants." Resp. at 10–11. The Government reiterated this position at the hearing on the motions and clarified that it has produced any accompanying affidavits for the warrants produced. As he argued with respect to the Massey warrant, Morris's reason for seeking production of the GPS warrant and other warrants and

---

[1] The Government concedes it had not produced the August 31, 2023 Morris cell phone ping warrant prior to Morris's filing his second motion to compel, but states that it produced the warrant six days later on August 13, 2024.

affidavits produced is that he needs access to them to file his motions to suppress them. Because the Government is not using any of these requested materials, however, Morris would have no reason to file a motion to suppress any of them.

Finally, in his second motion to compel, Morris states that "the Sixth Circuit has encouraged the government to provide documents considered to be <u>Jencks</u> material earlier in order to prevent delay at trial," citing <u>United States v. Minsky</u>, 963 F.2d 870, 876 (6th Cir. 1992) for the statement that "the better practice—and that followed in most federal courts today—is for the government to produce such material well in advance of trial." Second Mot. at 5–6. But Morris does not explain how any of the requested material falls under the Jencks Act, which "generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at trial." <u>Watson</u>, 787 F. Supp. 2d at 672 (punctuation modified). This argument, therefore, is also unpersuasive.

Because the materials Morris requests in his motions to compel have either already been produced by the Government or have not been proven to fall under Rule 16 or the Jenks Act, the motions must be denied.

## II.     CONCLUSION

For the reasons set forth above, the Court denies Morris's motions to compel (Dkts. 72, 77).

SO ORDERED.

Dated: October 29, 2024                  s/Mark A. Goldsmith
    Detroit, Michigan                  MARK A. GOLDSMITH
                                          United States District Judge